


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA RECREATION ADVISORY COUNCIL (PRAC), for itself and on behalf of its members,<br><br>　　PLAINTIFF,<br><br>　　vs.<br><br>CITY OF PHILADELPHIA, Mayor JOHN F. STREET, in his official capacity, City Council President ANNA C. VERNA, in her official capacity, and City Council Members, BLONDELL REYNOLDS-BROWN, DAVID COHEN, W. WILSON GOODE, JR., JACK KELLY, JAMES F. KENNEY, JUAN F. RAMOS, FRANK RIZZO, FRANK DICICCO, JANNIE L. BLACKWELL, MICHAEL A. NUTTER, DARRELL L. CLARKE, JOAN L. KRAJEWSKI, RICHARD T. MARIANO, DONNA REED MILLER, MARION B. TASCO, AND BRIAN J. O'NEIL, in their official capacities, and JO ANN LAWER, PRESIDENT & CEO, PHILADELPHIA SAFE AND SOUND, in her official capacity, and PHILADELPHIA SAFE AND SOUND,<br><br>　　Defendants. | CIVIL ACTION<br><br><br>FILED<br>MAY 10 2004<br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk<br><br><br>CASE NO.: 04cv2012 |

## **COMPLAINT**

### INTRODUCTION

1.　Plaintiff Philadelphia Recreation Advisory Council ("PRAC") files this lawsuit for itself and on behalf of its members, seeking declaratory and injunctive relief and money damages against Defendants: the **City of Philadelphia, its elected mayor and members of City Council, and Philadelphia Safe and Sound**. Plaintiff asserts claims under the United States Constitution, 42 U.S.C. § 1983, Federally Protected Rights, and the Equal Protection and Due



Process Clauses of the Fourteenth Amendment of the United States Constitution, and under Article I, Section 2., of the Commonwealth of Pennsylvania Constitution, and under the Philadelphia Home Rule Charter, as amended, especially §5-600. The named plaintiff also seeks to recover damages for the harm it suffered as a result of Defendants' collusive and discriminatory actions.

2.  Plaintiff brings this action to challenge the City of Philadelphia's decision, in the absence of due process, (i.e., public review and comment), to divest the duties and responsibilities of the duly authorized Department of Recreation to a private enterprise, Defendant Philadelphia Safe and Sound, while prohibiting Plaintiff to access funding in the continuation of historically beneficial recreation and related programming. Moreover, the City of Philadelphia, under the direction of the mayor, and absent legislative input, entered into a private contract with Defendant Safe and Sound, which net effect strips the Department of Recreation of its functions, as prescribed under the Philadelphia Home Rule Charter, and precluded Plaintiff and its membership from serving its critical roles as recreation program activists, grantees, and program operators.

3.  During Defendant Mayor John F. Street's first term, the City of Philadelphia entered into an exclusive contract—which Plaintiff alleges is illegal—with Defendant Philadelphia Safe and Sound, purportedly to improve the health and safety of the city's children and youth, constructively assuming the duties and responsibilities of the Department of Recreation and relegating it to virtual titular status. Defendant Safe and Sound proceeded to manage the affairs of the Department of Recreation, including the selection of private contractors in the performance of various and sundry services. Moreover, Defendant Safe and Sound's

conduct evaded the oversight of the Department of Recreation and the review of Defendant City Council.

4. Pursuant to the Home Rule Charter, §5-600 (b), the Recreation Department "shall institute and conduct all recreational activities in accordance with its recreational program," that Plaintiff contends does not exist.

5. Throughout Defendant Mayor Street's first term and currently [in the first year of his second four-year term], Plaintiff systematically has been precluded and excluded from participating in decision-making regarding public recreational activities, including the obtainment of funding to underwrite existing and new programming.

6. Plaintiff asserts that Defendant Mayor Street's deliberate dismantling of the Department of Recreation [which contravenes the intents and purposes of federal funding through the Department of Interior] is punctuated by his current budgetary proposal to close 40 recreation facilities, representing nearly $4 million in proposed budget cuts. Notwithstanding those budget cuts, Defendant Mayor John F. Street proposes increased funding to Defendant Safe and Sound. Moreover, Defendant Mayor Street's proposal to close 40 recreational facilities and 20 public pools discriminates against African and Hispanic Americans, in that 27 of the 40 recreational facility closings and 14 of the 20 public pool closings grossly disproportionately impact those racial groups.

7. The deleterious impact of Defendant Mayor Street's actions and his less than arm's length relationship with Defendant Philadelphia Safe and Sound not only undermines the integrity of the Home Rule Charter, but also creates an unwholesome environment for the city's children and youth and exacerbates community and neighborhood instability.

8. In spite of Plaintiff's continuous efforts to seek a public policy remedy, (i.e., a means of due process that affords citizen review and comment), Defendants thus far decline to offer any alternative.

9. The federal and state constitutions prohibit public entities from excluding citizen review and comment in the dispense of taxpayer funding [a version of taxation without representation] and from divesting elected authority to third parties, especially absent executive or legislative oversight. Here, Defendant Mayor Street has done just that by constructively privatizing the Department of Recreation through an arguably *sub rosa* contractual relationship with Defendant Safe and Sound.

## JURISDICTION AND VENUE

10. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution, Article I, Section 2., of the Commonwealth of Pennsylvania Constitution, and the Philadelphia Home Rule Charter, §5-600.

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, 1343(a) and 1391(b)(2).

12. Venue lies in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391.

## PARTIES

13. **Plaintiff Philadelphia Recreation Advisory Council (PRAC)** is a Pennsylvania not-for-profit corporation, granted exemption from federal income tax under section 501(c)(3) of the Internal Revenue Code. It is a dues-paying organization, which members (Local Advisory Councils), numbering 195, operate recreational facilities and parks, and provide and operate educational programs throughout the city, including the conduct of and programming for city

4

recreation centers, playgrounds, parks, and pools. Plaintiff, *inter alia*, holds regular meetings, publishes a quarterly newsletter, and advocates for its membership.

14. **Defendant City of Philadelphia**, with a population in excess of one million, is a political subdivision of the Commonwealth, located in Philadelphia County, and is identified as a city of the first class.

15. **Defendant Mayor John F. Street** is the duly elected mayor of the City of Philadelphia. He is named in his official capacity.

16. **Defendant Anna C. Verna** is the Council President for the City of Philadelphia with responsibility for setting the Council agenda and establishing the policies, practices, and customs of the City. She is named in her official capacity.

17. **Defendants Blondell Reynolds-Brown, David Cohen, W. Wilson Goode, Jr., Jack Kelly, James F. Kenney, Juan F. Ramos, Frank Rizzo, Frank DiCicco, Jannie L. Blackwell, Michael Nutter, Darrell Clarke, Joan L. Krajewski, Richard T. Mariano, Donna Reed Miller, Marion B. Tasco, and Brian J. O'Neill** are the duly elected members of City Council and are named in their official capacities.

18. **Defendant Jo Ann Lawer** is the President and Chief Executive Officer of Philadelphia Safe and Sound and is named in her official capacity.

19. **Defendant Safe and Sound** is a Pennsylvania not-for-profit corporation, granted exemption from federal income tax under section 501(c)(3) of the Internal Revenue Code. The not-for-profit, *inter alia*, provides research and development and technical assistance in improving the well being of children and youth.

5

## FACTS

20. At all times relevant to this action, Defendants acted under color of state law.

21. On April 17, 1951, the Philadelphia Home Rule Charter was adopted by the electors of the City of Philadelphia; and, that charter was published primarily as an aid to the officials and employees of the city, charged with carrying out its provisions and, "as a guide to a better understanding of the Charter for the residents of the City and others who will be concerned with and interested in it."

22. According to the Charter, Chapter 6, §5-600, the Department of Recreation has the power and duty, *inter alia,* "to formulate a comprehensive and coordinated program of cultural and physical activities to be instituted and conducted in all City recreation facilities…" and "institute and conduct all recreation activities in accordance with its recreational plan."

23. Sometime during the first term of Defendant Mayor John F. Street, the City of Philadelphia entered into an agreement, private arrangement, or contract with Defendant Safe and Sound to provide services to children and youth; and, in the conduct of such agreement, private arrangement, or contract, Defendant Safe and Sound, *inter alia*, took over certain functions of the Department of Recreation, including the drafting of scopes of work and letting of contracts to third parties.

24. At no time did Defendant Mayor John F. Street seek the advice or approval of Defendant City Council or Defendant City Council President Anna C. Verna with respect to the agreement, private arrangement, or contract with Defendant Safe and Sound, nor has Defendant City Council or Defendant City Council President Anna C. Verna ever been made privy to the

terms and condition, scope of services, and the like associated with the agreement, private arrangement, or contract with Defendant Safe and Sound.

25. None of the Defendant City Councilpersons serves on the board of directors of or in any other capacity with Defendant Safe and Sound.

26. Defendant City Council never has convened any public hearings to address Defendant Safe and Sound's agreement, private arrangement, or contract, or investigated Defendant Safe and Sound's role in the award and dispense of public contracts.

27. Plaintiff, on numerous occasions, sought eligibility to obtain contract and, in fact, to receive contract awards from the City of Philadelphia, through Defendant Safe and Sound, to provide recreational and related programming throughout the city; however, Plaintiff has been determined ineligible to receive awards of contracts by Defendant Safe and Sound, operating in the stead of the Department of Recreation.

28. Plaintiff, comprised of 195 membership organizations, has raised concern about its systematic preclusion from city contract awards in testimony before Defendant City Council, in meetings with city officials, through its quarterly newsletter [PRAC Newsletter], and by public protest.

29. Plaintiff publicly has protested against Defendant Mayor John F. Street's proposal to cut the funding for 40 recreation facilities and 20 public pools, exacerbated by the grossly disproportionate closings in African-American and Hispanic neighborhoods.

30. Plaintiff contends that the closings of the city recreational facilities and public pools are part and parcel to a collusive scheme between Defendants Mayor John F. Street and Safe and Sound to privatize public recreation, absent legislative and public review.

31. The activities of the Department of Recreation are funded, in part, by federal funds and overseen by the federal Department of Interior.

32. Budgetary cuts that result in the closing of city recreation facilities, public swimming pools, and the like require federal approval when federal funds have been allocated to and used by the city for such purposes.

33. The Plaintiff continues to be harmed by the Defendants' discriminatory practices.

**COUNT I:   FOURTEENTH AMENDMENT VIOLATIONS OF DUE PROCESS AND EQUAL PROTECTION CLAUSES**

34. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 33.

35. This claim is brought pursuant to 42 U.S.C. § 1983.

36. Defendant Mayor John F. Street's agreement, private arrangement, or contract with Defendant Safe and Sound is illegal, and violates Plaintiff's right to due process, in that Plaintiff has been systematically precluded from participating in what rightfully demands public review, comment, and equity.

37. Defendant Mayor John F. Street's proposal to close 40 recreational facilities and 20 public pools grossly disproportionately impacts the city's African-American and Hispanic neighborhoods, in contravention with the Due Process and Equal Protection Clauses of Fourteenth Amendment of the United States Constitution.

38. Defendants' refusal to establish a legitimate forum or means to address Department of Recreation activities, budgetary considerations, and award of contracts is arbitrary, based upon irrational prejudices against Plaintiff, and is not rationally related to any

legitimate governmental interest. It therefore violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and has harmed and continues to harm the Plaintiff.

39. Defendant Mayor John F. Street's agreement, private arrangement, or contract with Defendant Safe and Sound is arbitrary, based upon irrational prejudices against Plaintiff, and is not rationally related to any legitimate governmental interest. It therefore violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and has harmed and continues to harm the Plaintiff.

40. Because of Defendants' discriminatory actions and behaviors, Plaintiff has been unable to operate effectively, consistent with its organizational mission and operational mandates; and, Plaintiff has expended time and financial resources and has lost opportunity costs by being denied the ability to conduct its business and provide much-needed services.

41. The Plaintiff continues to be harmed by the Defendants' discriminatory practices.

42. The named Plaintiff has suffered economic injury from this violation.

**COUNT II:   CLAIM UNDER ARTICLE I, SECTION 2., PENNSYLVANIA CONSTITUTION**

43. Plaintiffs incorporate by way of reference the allegations contained in paragraphs 1 through 42.

44. The Constitution of the Commonwealth of Pennsylvania invests the power of government in the people, giving them the "inalienable and indefeasible" right to alter, reform, or abolish their government.... Defendant Mayor John F. Street abridged that right, constructively altering the Philadelphia Home Rule Charter by divesting the authority of the Department of Recreation to a third party, here, Defendant Safe and Sound.

45. The Plaintiff continues to be harmed by the Defendants' discriminatory practices.

46. The Plaintiff has suffered economic injury from this violation.

**COUNT IV:   CLAIMS UNDER THE SUPREMACY CLAUSE**

47. Plaintiff incorporate by reference the allegations contained in paragraphs 1 through 46.

48. This claim is brought pursuant to 42 U.S.C. § 1983.

49. Defendants' actions and behaviors discriminate against the Plaintiff and thus contravene Plaintiff's federally protected rights, precluding Plaintiff and it membership from participating fully in the affairs of an elected government; and, therefore, Defendants' actions and behaviors are impermissible under the Supremacy Clause of the United States Constitution.

50. Defendant Mayor John F. Street's decision to engage Defendant Safe and Sound and to sanction the latter's refusal to permit Plaintiff the opportunity to contract violates the Supremacy Clause of the United States Constitution.

51. The Plaintiff continues to be harmed by the Defendants' discriminatory practices.

52. The Plaintiff has suffered economic injury from this violation.

**COUNT III:   CLAIMS UNDER THE PHILADELPHIA HOME RULE CHARTER**

53. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 52.

54. The Philadelphia Home Rule Charter expressly authorizes the Department of Recreation to coordinate and conduct recreational programs throughout the city, managing the municipality's recreation centers, parks, playgrounds, swimming pools, and the like.

55. Defendant Mayor John F. Street's agreement, private arrangement, or contract with Defendant Safe and Sound violates the meaning and intent of Chapter 6, §5-600 of the Home Rule Charter.

56. Because of Defendants' discriminatory actions and behaviors, Plaintiff has been unable to operate effectively, consistent with its organizational mission and operational mandates; and, Plaintiff has expended time and financial resources and has lost opportunity costs by being denied the ability to conduct its business and provide much-needed services.

57. The Plaintiff continues to be harmed by the Defendants' discriminatory practices.

58. The Plaintiff has suffered economic injury from this violation.

## REQUESTED RELIEF

**WHEREFORE,** Plaintiff prays that this Court award it the following relief:

1. Find and declare Defendant Mayor John F. Street's agreement, private arrangement, or contract with Defendant Safe and Sound illegal and, therefore, nullified.

2. Find and declare that Defendants' actions and inactions to provide a public forum to address the operations, budget, and contracting of the Department of Recreation, including review and comment regarding Defendant Mayor John F. Street's agreement, private arrangement, or contract with Defendant Safe and Sound, violates the Due Process and Equal Protection Clauses of the United States Constitution and the federally protected rights granted pursuant to 42 U.S.C. § 1983.

3. Find and declare that Defendant John F. Street's proposed budget cuts of 40 recreational facilities and 20 public pools racially discriminate against the city's African

American and Hispanics, thereby violating the Fourteenth Amendment of the United States Constitution and the federally protected rights granted pursuant to 42 U.S.C. § 1983.

4. Issue a permanent injunction, enjoining Defendants from continuing to violate the Fourteenth Amendment of the United States Constitution and the federally protected rights granted pursuant to 42 U.S.C. § 1983.

5. Issue an injunction requiring Defendants City Council President Anna C. Verna and City Council, promptly and without delay, to convene hearings on the relationship between Defendants Mayor John F. Street and Safe and Sound on the constructive privatization of the Department of Recreation.

6. Award the named Plaintiff damages for the harm they experienced as a result of the Defendants' discriminatory practices.

7. Award Plaintiffs their reasonable attorney fees and costs.

8. Award such other relief as this Court may deem appropriate.

**ATTORNEY FOR PLAINTIFF**

BY: _____
Rotan Edward Lee, Esquire

Rotan E. Lee, Esquire
6333 Woodbine Avenue
Philadelphia, PA   19151
215-879-3704

Date: May 10, 2004