IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA RECREATION ADVISORY COUNCIL (PRAC),<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al.<br><br>Respondent. | Civil Action No. 04-2012 |

March 31, 2005

**MEMORANDUM / ORDER**

Currently before the court are two motions to dismiss, the first filed by defendants Safe and Sound and Jo Ann Lawer (Safe and Sound's president and CEO) (together, "S & S"), and the second filed by the city of Philadelphia, Mayor John Street, and the members of the City Council named in plaintiff's complaint (together, "the City"). In its complaint, plaintiff, a Pennsylvania, not-for-profit organization with 195 members which together operate recreational facilities, parks, educational programs, and city pools, alleges that the Mayor has entered into an illegal agreement with S & S in which he has conferred on S & S duties traditionally undertaken by the Department of Recreation, including the awarding of contracts. Plaintiff claims that this arrangement violates the Fourteenth's Amendment's due process and equal protection clauses, the Pennsylvania Constitution,

the Supremacy clause of the U.S. Constitution, and provisions of Philadelphia s Home Rule Charter.

Plaintiff bears the burden of proof with respect to standing. In order for plaintiff to establish that it has standing to sue on its own behalf, it must demonstrate, *inter alia*, that it has  suffered an injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical....  *Trump Hotel and Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 484 (3d Cir. 1998). Plaintiff cannot claim that *it* has suffered an injury in fact as a result of the city s contract with S & S since, by its own averments, it is clear that PRAC has had an opportunity to have its concerns regarding the city s arrangement with S & S heard. Nor can PRAC claim an injury in fact in light of its preclusion from city contract awards since, under state law, which governs entitlements to property interests subject to protection under the Fourteenth Amendment, *see Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982)*,*  a disappointed bidder has no standing to request the judicial award of a public contract.  *Ogden Foods, Inc. v. State Farm Products Show Commission*, 315 A.2d 329, 332 (Pa. 1974).

Further, PRAC has not succeeded in demonstrating that it has standing as an association to bring suit on behalf of its members. Associational standing exists only where the association s  members would otherwise have standing to sue in their own right,  *Hunt v. Washington State Apple Adver. Comm n*, 432 U.S. 333, 343 (1977).

Because PRAC has failed to specify the identity of its members or the precise nature of the injury each suffers, it has not established that any of its members would have standing to sue individually.

Finally, prudential reasons militate against a recognition of PRAC's standing to bring the bulk of its claims since these claims affect the legal rights or interests of third parties, *Miller v. Nissan Motor Acceptance Corp.*, 362 F.3d 209, 221 (3d Cir. 2004) (citing *Valley Forge Christian College v. Americans for Separation of Church and State, Inc.*, 454 U.S. 464, 474-75 (1982)) and/or they consist of abstract questions of wide public significance which amount to generalized grievances shared and most appropriately addressed in the representative branches, *id.*

In sum, the court finds that PRAC lacks standing to pursue any of its claims. Accordingly, it is hereby ORDERED that plaintiff's complaint is DISMISSED.

BY THE COURT:

_____

Pollak, J.